# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIRSHA BROWN-YOUNGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:11-cv-00506-GMN-LRL |
| v. ) | |
| ) | **O R D E R** |
| SOCIAL SECURITY ADMINISTRATION, **)** | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (internal quotations and citation omitted).

1   In considering whether the plaintiff has stated a claim upon which relief can be granted, all
2   material allegations in the complaint are accepted as true and are to be construed in the light most
3   favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro
4   se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v.*
5   *Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e),
6   the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies,
7   unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.
8   *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**III.   Instant Complaint**

Plaintiff alleges that defendant has engaged in "benefit misuse/fraud/employee misconduct" in violation of 42 U.S.C. § 408; 42 U.S.C. § 1320A-7b; 42 U.S.C. § 707; 42 U.S.C. §§ 1383(a)-(3) and (b)(4); and 42 U.S.C. § 1842. She seeks relief in the amount of $2.1 million. Plaintiff alleges that the defendant purposefully provided an overpayment to her, with the intent to improperly deduct/garnish another check at a later date. Complaint (#1-3) at 3. This was done, according to plaintiff, with the intent to financially inconvenience her. She also complains that employees of defendant provided incorrect information regarding health benefits to her. *Id.*

As a preliminary matter, although plaintiff claims that defendants violated 42 U.S.C. § 1842, the court is unable to identify any such statute. Furthermore, plaintiff's citations to 42 U.S.C. § 408; 42 U.S.C. § 1320A-7b; 42 U.S.C. § 707 are misplaced. These are all criminal enforcement provisions for use by the government in instances of alleged fraud, misuse, and the making of false statements in connection with or in obtaining Social Security benefits. These do not provide for a civil private right of action. Hence plaintiff's claims under these provisions must be dismissed.

Plaintiff next asserts a cause of action under 1383(a)(1)-(3) and (b)(4). Section 1383(a) provides the procedure regarding "time, manner, form, and duration of payments; representative payees; promulgation of regulation" for Social Security benefit payments. Section 1383(b)(4) provides the types

of collection practices that the Commissioner of Social Security may use in the event of an overpayment. The Commissioner may require a person who has received an overpayment of benefits to refund the excess amount. The recovery by the Commissioner will be waived if the recipient demonstrates that (1) he or is without fault in causing the overpayments; and (2) adjustment or recovery on account of such overpayment would defeat the purposes of the Act or be against equity or good conscience. 42 U.S.C. § 1383(b)(1); *see also* 20 C.F.R. § 416.553. Where a claimant satisfies both of these criteria, the Commissioner is deemed to have waived the right to recovery. *Valente v. Secretary of Health and Human Services*, 733 F.2d 1037, 1042 (2d Cir.1984); *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir.1983).

Here, plaintiff has not alleged that she was without fault in causing the overpayment and that recovery of the overpayment defeats the purposes of the Act. She only states in conclusory fashion that her checks have been improperly garnished "without proper cause" or "without due cause." *See* Complaint (#1-3) at 2. Further, the Complaint does not indicate whether and/or when the Commissioner sent her notice of overpayment, what findings were made with regard to fault, or if a hearing was held on the matter. Hence, plaintiff's Complaint must be dismissed. Plaintiff will, however, be afforded an opportunity to amend the Complaint to cure the deficiencies listed above.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

. . .

. . .

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by <u>August 8, 2011</u> or her case will be dismissed with prejudice.

DATED this 12th day of July, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**